



# MEMORANDUM OPINION

Nos. 04-11-00436-CR
& 04-11-00437-CR

Roxanne **SALINAS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 144th Judicial District Court, Bexar County, Texas
Trial Court No. 2011CR0182W & 2011CR0183W
Honorable Angus McGinty, Judge Presiding

PER CURIAM

Sitting:    Catherine Stone, Chief Justice
            Karen Angelini, Justice
            Marialyn Barnard, Justice

Delivered and Filed:  August 17, 2011

DISMISSED

In two separate cases, appellant Roxanne Salinas pled nolo contendere to theft, and in accord with a plea bargain agreement with the State, was placed on community supervision for two years.  The trial court imposed sentence on January 25, 2011.  No motion for new trial was filed, therefore appellant's notice of appeal was due on or before February 24, 2011, or the notice of appeal and a motion for extension of time to file the notice of appeal were due fifteen days later on March 11, 2011.  *See* TEX. R. APP. P. 26.2(a)(1).  No notice of appeal was filed;

however, appellant filed an untimely motion to extend time to file the notice of appeal on June 21, 2011, but no notice of appeal was forthcoming. Despite the fact that no notice of appeal was filed, the district clerk forwarded the matter to this court as if a notice had been filed. Upon review of the clerk's records, we determined no notice of appeal had been filed. Accordingly, on June 27, 2011, we ordered appellant to file a response in this court showing cause why the appeal should not be dismissed for want of jurisdiction. We advised appellant that if a satisfactory response was not filed, the appeal would be dismissed for want of jurisdiction.

Although appellant filed a response on August 1, 2011, the response does not establish this court's jurisdiction over appellant's appeals. A timely notice of appeal is necessary to invoke this court's jurisdiction. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Because no timely notice of appeal was filed, we lack jurisdiction over the appeals. We therefore dismiss appellant's appeals for want of jurisdiction.

PER CURIAM

Do Not Publish